# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DAVID HENRY,**
**Claimant Below, Petitioner**

**vs.)   No. 21-0527** (BOR Appeal No. 2056181)
(Claim No. 2020008446)

**COMPLIANCE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Henry, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Compliance, LLC, by Counsel Steven K. Wellman and James W. Heslep, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on February 21, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its January 8, 2021, Order. The Order was affirmed by the Board of Review on June 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Henry, a dish machine operator, alleges an injury to his lower back while lifting a trash can on June 25, 2019. Mr. Henry has a long history of chronic low back pain. An August 10, 2005, treatment note from Concentra Medical Centers indicates Mr. Henry was treated for back pain, which he reported he occasionally experienced. A lumbar spine MRI showed a bulging annulus at L5-S1 with asymmetrical disc bulging into the left foramen at L3-4, as well as abutment of the left L3 nerve root on August 27, 2005. On September 15, 2005, Mr. Henry completed a North Carolina Employer's Report of Employee's Injury indicating he strained his lower back while removing a cavity from a plastic mold.

Treatment notes from Claudia Campos, M.D., from February 6, 2006, to March 27, 2006, indicate Mr. Henry reported lower back pain since August 7, 2005. Dr. Campos noted positive axial compression, over exaggeration to palpation, restricted range of motion, and altered gait and diagnosed lower back pain, L5-S1 disc bulge, and annular tear. In a November 29, 2006, treatment note, Michael Guo, M.D., stated that Mr. Henry reported lower back pain that nothing relieved. Mr. Henry stated that the pain started in his lower back and radiated into the left thigh and that he had left lower extremity weakness. Dr. Guo diagnosed chronic low back pain.

Mr. Henry underwent a Functional Capacity Evaluation on April 10, 2007, which showed he could do light physical demand work for eight hours a day. It was noted that he was assessed with 17% lumbar spine impairment and that there were indications of symptom exaggeration, indicating a non-organic component to Mr. Henry's pain.

Treatment notes from Community Health Systems, Inc., from September 24, 2008, through December 17, 2014, indicate Mr. Henry suffered from chronic low back pain as well as intermittent left lower extremity numbness. Mr. Henry was intermittently treated for low back pain. Mr. Henry underwent a lumbar MRI on March 9, 2010, which showed a desiccated L5-S1 disc with a broad based disc bulge, annular rent on the left at L4-5 with encroachment, and a left L3-4 disc bulge causing stenosis. It was noted that the MRI was performed due to low back pain and left leg pain with numbness for thirty years. On February 22, 2011, he presented with acute lower back pain after reaching into the back seat of his car to unload chairs. He was diagnosed with acute back strain.

A February 16, 2017, treatment note by Community Health indicates Mr. Henry was treated several times for chronic low back pain and radiculopathy. On March 21, 2018, Mr. Henry sought treatment at Raleigh General Hospital for low back pain. He stated that he suffered from chronic low back pain and had three bulging discs. Mr. Henry stated that his current flair-up of pain was not the result of an injury and that the pain was the same as he had experienced in the past. Mr. Henry returned to Community Health on August 14, 2019. It was noted that he was scheduled for an MRI and that he now stated that he suffered a work injury on June 25, 2019, or June 28, 2019, while lifting trash. Mr. Henry was diagnosed with lumbar radiculopathy.

The Employees' and Physicians' Report of Injury, completed on August 14, 2019, indicates Mr. Henry injured his lower back while emptying a heavy trash can into a dumpster. Mr. Henry stated that there were no witnesses to the injury. The physician's section was completed by Kyle Muscari, D.O., who diagnosed lumbosacral radiculopathy as a result of an occupational injury. It was noted that the injury aggravated a prior injury.

A September 4, 2019, lumbar MRI showed a large L5-S1 disc herniation with mass effect to the right S1 nerve root, severe right foraminal narrowing at L5-S1, and a left L4-5 disc herniation with mass effect on the left lateral recess and L5 nerve root sleeve. The findings were determined to be new in comparison to the March 9, 2010, MRI.

In a treatment note, Gordon Holen, M.D., stated that Mr. Henry presented with lumbosacral radiculopathy on December 10, 2019. Mr. Henry stated that his most recent low back injury occurred while he was lifting a trash can at work on June 25, 2019. On December 10, 2019, a lumbar x-ray showed no evidence of instability and no changes from a prior January 3, 2018, x-ray.

A December 25, 2019, treatment note from Raleigh General Hospital indicates Mr. Henry presented with low back pain. He reported chronic back pain since the 1980s and stated that he reinjured his back on June 25, 2019, while lifting a trash can. Mr. Henry stated that he had similar episodes of pain in the past and stated that the pain currently radiated down his right leg. Mr. Henry was diagnosed with acute exacerbation of chronic low back pain.

On December 27, 2019, Tyler Sausbury, D.O., treated Mr. Henry for low back pain following a June 25, 2019, work injury. He reported chronic pain since a 2005 work injury. Dr. Sausbury diagnosed low back pain, lumbosacral radiculopathy, and muscle tension. A January 30, 2020, treatment note from Raleigh Orthopedics indicates Mr. Henry was three weeks post medial branch blocks and reported 50% pain relief. He wished to proceed with further injections. It was noted that he was fixated on his work injury and stated that workers' compensation should be paying for his office visits and injections. The diagnoses were lumbar facet arthropathy, lumbosacral radiculopathy, and facetogenic back pain.

The claims administrator rejected the claim on February 21, 2020. In a March 11, 2020, affidavit, Angelo Gray stated that he previously worked with Mr. Henry, specifically, he was working with Mr. Henry on June 25, 2019. He stated that on the day of the injury, Mr. Henry asked him to help lift some trash cans into a dumpster. Mr. Gray estimated that the cans weighed between

3

200 and 300 pounds each. Mr. Gray stated that he helped Mr. Henry lift the cans. As they were lifting a can, Mr. Gray heard a loud crack and felt the trash can falling on top of him. He stated that Mr. Henry dropped the can and yelled in pain.

Steven Hamilton, the employer's general manager, stated in an April 20, 2020, affidavit that on June 19, 2019, Mr. Henry requested the day off to attend a family reunion. Mr. Henry told Mr. Hamilton that he fell in the yard at the family reunion, injured his ankle, and would not be returning to work. Mr. Hamilton stated that Mr. Henry did not mention a low back injury or any kind of work-related injury. Mr. Hamilton received a call on August 14, 2019, from the employer's Payroll Administrator informing him that Mr. Henry reported a work-related injury. Mr. Henry alleged that he was working alone and injured himself while lifting a trash can. Mr. Hamilton reviewed security video footage and found no evidence that Mr. Henry was injured.

On July 8, 2020, Rajesh Patel, M.D., examined Mr. Henry and diagnosed disc herniations at L4-5 and L5-S1, spinal stenosis at L3-4 and L4-5, L5-S1 radiculopathy, lumbar degenerative disc disease from L1-S1, mild scoliosis, congenital stenosis, and lumbar facet arthropathy from L2-S1. An August 5, 2020, lumbar MRI showed a worsening L4-5 disc herniation and extrusion, worsening left foraminal encroachment, a stable disc herniation and extrusion at L5-S1, and a worsening L3-4 disc bulge with significant left foraminal encroachment.

Andrew Thymius, D.O., diagnosed lumbar and lumbosacral intervertebral disc displacement as well as lumbosacral radiculopathy on August 12, 2020. On August 17, 2020, Dr. Patel reviewed the most recent MRI and found an L4-5 disc herniation with L5 nerve root impingement. He diagnosed L4-5 disc herniation, L5-S1 disc protrusion, L3-4 stenosis, L4-5 stenosis, L5-S1 radiculopathy, L4 radiculitis, mild scoliosis, congenital stenosis, and lumbar facet hypertrophy from L3-S1. Dr. Patel opined that the L5-S1 disc protrusion and extrusion on the right could be the cause of the right-sided pain.

Mr. Henry testified in a deposition on August 19, 2020, that at the time of his injury, he was lifting a fifty-five gallon trash can with Mr. Gray. When they went to lift, Mr. Gray did not lift the trash can on his side. Mr. Henry immediately felt pain in his lower back and numbness that went to his toes. Mr. Henry stated that he was granted Social Security Disability due to back issues prior to the work-related injury. He also stated that he did not immediately report the injury because he did not realize the injury was severe. Mr. Henry testified that he returned to work for a few days after the injury occurred but was unable to bend over or pick anything up. When the employer contacted him in July of 2019, Mr. Henry stated that he would not be returning to work due to his back injury.

The Office of Judges affirmed the claims administrator's rejection of the claim in its January 8, 2021, Order. It found that Mr. Henry had a significant history of chronic low back pain and a prior September of 2005, work-related back injury. MRIs and treatment notes prior to the compensable injury at issue showed disc bulging at L5-S1 and asymmetrical bulging at L3-4 with abutment of the left L3 nerve root. Mr. Henry underwent epidural injections on February 6, 2006, for chronic low back pain, and on March 9, 2010, an MRI report indicated Mr. Henry had low back and left leg pain as well as left leg numbness for thirty years. However, the Office of Judges

4

determined that Mr. Henry did not report right-sided radiculopathy until after the compensable injury occurred. The March 9, 2010, MRI showed a large right paracentral L5-S1 disc herniation with mass effect to the right S1 nerve root sleeve, severe right foraminal narrowing at L5-S1, and a left paracentral disc herniation at L4-5 with mass effect on the left L5 nerve root sleeve. It was noted that the findings were new when compared to the previous MRI. Further, Dr. Patel opined that the L5-S1 right-sided disc protrusion could be the cause of Mr. Henry's pain. The Office of Judges concluded that right lumbar radiculopathy was a discrete new injury; however, it stated that Mr. Henry must still show that such injury occurred in the course of and resulting from his employment.

The Office of Judges determined that the evidence does not support a work-related injury. First, West Virginia Code of State Rules § 85-1-3.1 states that immediately following an occupational injury, Mr. Henry should seek medical treatment, give notice to the employer that he or she was injured, and file a workers' compensation claim. Failure to immediately inform the employer of the injury weighs against a finding of compensability, however, delay of more than two days cannot be the sole basis for denial of a claim. The Office of Judges found that the first medical record after the date of injury was a Community Health report dated July 22, 2019. Further, Mr. Henry did not file a Report of Injury until August 14, 2019. Mr. Henry testified that he informed the employer of the injury on June 30, 2019. The employer, however, asserts that it was not informed of the alleged injury until August 14, 2019, as Ms. Knapp stated in her April 20, 2020, affidavit. In an April 20, 2020, affidavit, Mr. Hamilton stated that he contacted Mr. Henry on June 30, 2020, after he requested the day off for a family reunion. Mr. Henry told Mr. Hamilton that he fell at his family reunion, injured his ankle, and would not be returning to work. Mr. Hamilton asserted that Mr. Henry did not mention a work-related injury during that conversation. The Office of Judges concluded that the affidavits submitted by the employer were more credible than Mr. Henry's testimony.

The Office of Judges found that Mr. Henry returned to work on June 28, 2019, and June 29, 2019, but did not inform the employer of an injury on either day. Though Mr. Henry testified that he did not initially report the injury because he did not believe it was serious, he also testified that he was unable to bend over or pick anything up on the days he returned to work. Further, Mr. Henry did not complete a Report of Injury until August 14, 2019, almost two months after the injury allegedly occurred. When he was seen at Community Health on July 22, 2019, Mr. Henry reported low back pain with no recent injury or trauma. An MRI was scheduled for August 7, 2019, but Mr. Henry refused to pay the co-pay. On his next visit on August 14, 2019, Mr. Henry stated asserted that he was injured at work on June 25, 2019, or June 28, 2019. Mr. Henry stated that there were no witnesses to the injury, however, he submitted an affidavit by Mr. Gray, who stated that he witnessed the injury. Mr. Gray stated that the injury occurred between 10 and 11 p.m., toward the end of the shift, but Mr. Henry alleged it happened between 5:30 and 6 p.m. The Office of Judges determined that the evidence was too inconsistent to support Mr. Henry's allegation of a work-related injury. The Board of Review affirmed the Office of Judges' Order on June 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that

was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence does not support Mr. Henry's allegation of a work-related injury. Mr. Henry did not file a report of injury until nearly two months after the incident allegedly occurred. Though he testified that he informed the employer of the injury on June 30, 2019, the employer submitted affidavits from two employees indicating otherwise. Further, when he sought treatment after the injury on July 22, 2019, he reported low back pain but denied any recent injury or trauma. Mr. Henry failed to meet his burden of proof showing that he sustained an injury in the course of his employment.

Affirmed.

**ISSUED: April 5, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

6